UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ODOM,

                    Petitioner

v.

UNITED STATES OF AMERICA,

                    Respondent.
_____/

Criminal No. 13-mc-51134

Hon. Mark A. Goldsmith
United States District Judge

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EXPUNGEMENT (DKT. 2)

### I.  INTRODUCTION

Petitioner filed a one-sentence request, asking that the Court "take [case number 89-50041-4] off record." Mot. for Expungement (Dkt. 2). The Court interprets Petitioner's request as a motion for expungement of his conviction from that case. The Government filed its response (Dkt. 4), challenging both the Court's jurisdiction to expunge the conviction and the merits of Petitioner's request. The Court deems the motion ripe for decision without oral argument. See E.D. Mich. L.R. 7.1(f)(2). Because the Court concludes that it lacks jurisdiction to consider Petitioner's request, the Court denies Petitioner's motion for expungement.

### II.  BACKGROUND

Although the Court is limited in its ability to determine the facts of the underlying conviction by Petitioner's skeletal request, it appears from the docket that Petitioner pled guilty in 1989 to a single count of operating an illegal gambling business, in violation of 18 U.S.C. § 1955. Docket 89-50041, No. 1, 7/14/89 (Indictment), 10/13/1989 (Guilty Plea). He was sentenced to 24 months of probation and a $10,000 fine. Docket 89-50041, No. 66, 2/05/90

1

(Sentencing). Over two decades later, Petitioner now files a one-sentence request: "I would like for you to take this case off record." Mot. for Expungement (Dkt. 2).

### III. ANALYSIS

The Government argues that the Court lacks jurisdiction to expunge Petitioner's criminal conviction. Gov't Resp. at 2-4 (Dkt. 4). The Court agrees.

Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." "As courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute, and may not expand that power by judicial decree." United States v. Lucido, 612 F.3d 871, 873 (6th Cir. 2010) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The burden of establishing jurisdiction rests on the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

The Sixth Circuit recently concluded that a district court does not have jurisdiction to consider a defendant's expungement motion unless: (1) a specific statute authorizes expungement in a given situation or (2) the request falls under a court's ancillary jurisdiction, i.e., jurisdiction under 18 U.S.C. § 3231 that is incidental to a court's original jurisdiction over the underlying criminal prosecution. See Lucido, 612 F.3d at 873-874. In Lucido, the petitioner was indicted in two separate federal criminal cases and was acquitted of all charges. Id. at 872-873. The petitioner subsequently filed a request to expunge all records of those proceedings that were in the possession of the Federal Bureau of Investigation. Id. The Sixth Circuit concluded that, while a district court has original jurisdiction over the original criminal case and ancillary jurisdiction to deal with matters "incidental to other matters properly before them," a request for

expungement of a record sixteen years later fell into neither of the above-mentioned categories. Id. at 875.

Petitioner points to no statutory authority for expungement, and the Court is aware of none that would apply here. As for the Court's ancillary jurisdiction, the matter was resolved over a decade ago and Petitioner points to nothing that is left to "manage, vindicate, or effectuate." See Lucido, 612 F.3d at 875 ("So long as the records of what happened in the proceedings . . . are accurate, it is difficult to see what business the courts have as a matter of inherent power in removing any trace of the proceedings."); see also id. at 876 (noting that the First, Third, Eighth, and Ninth Circuits have concluded that district courts lack ancillary jurisdiction over expungement motions). There is no allegation that Petitioner's arrest or conviction was invalid or illegal. See United States v. Robinson, No. 00-37, 2011 WL 7143089, at *2 (S.D. Ohio Aug. 18, 2011) (no ancillary jurisdiction based on equity, rather than claim that arrest or conviction is invalid, or that the records are inaccurate). Indeed, Petitioner provides no explanation for why he believes expungement is appropriate. As a result, the Court does not have jurisdiction to grant Petitioner's request. See United States v. Childs, No. 93-80302, 2011 WL 768068, at **1-3 (E.D. Mich. Feb. 28, 2011) (concluding that Lucido applies to requests for federal district courts to expunge a valid federal conviction).

### IV. CONCLUSION

The Court denies without prejudice Petitioner's motion (Dkt. 2) for lack of jurisdiction.

SO ORDERED.

Dated: November 13, 2013　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2013.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager